UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:18-cr-112-JD-MGG |
| ) | |
| CJ-Chika NWOKAH ) | |

## ORDER

On September 7, 2018, the Defendant, CJ-Chika Nwokah was arrested and initially appeared before the magistrate judge. [DE 3]. After a contested hearing regarding pretrial detention, the magistrate judge issued an Order of Detention on September 10, 2018. [DE 9]. In that Order, the Court found that based on the findings and analysis of the matters enumerated in the pretrial services report [DE 7] and as stated on the record in open court at the detention hearing there were no conditions or combination of conditions of release that would reasonably assure the appearance of the defendant as required or the safety of the community. On June 25, 2020, Mr. Nwokah filed a Motion to Reconsider the Order of Detention [DE 87], which the magistrate judge denied [DE 94].

Mr. Nwokah has now filed an emergency motion for release from custody due to his medical condition, the COVID-19 pandemic, and the deteriorating conditions at the St. Joseph County Jail, requesting further reconsideration of the Order of Detention, pursuant to 18 U.S.C. § 3142(i). While Mr. Nwokah is otherwise exercising his right to proceed *pro se* in this criminal matter, this motion was filed with a request by Attorney Donald Schmid to represent Mr. Nwokah for the limited purpose of this motion. [DE 111]. The government responded in opposition, to which Mr. Nwokah, by counsel, replied. [DE 120; 121; 123].

1

Upon a referral from this Court, the magistrate judge held a hearing regarding whether Mr. Schmid should be permitted to represent Mr. Nwokah for the limited purpose of this motion. [DE 118]. The magistrate judge granted Mr. Schmid's motion to make a limited appearance. [DE 119]. Ultimately, the magistrate judge issued a report and recommendation, recommending that the emergency motion for release from custody be denied. [DE 126]. Mr. Nwokah filed an objection to the report and recommendation. [DE 128]. While Mr. Schmid filed the objection for Mr. Nwokah, the substance of the objection was prepared by Mr. Nwokah himself. The government did not file any objection. Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), when a magistrate judge submits proposed findings of fact and recommendations, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See also* Fed. R. Crim. P. 59(b)(3); N.D. Ind. L.R. 72-1.

The court may temporarily release a defendant who has not pleaded or been adjudicated guilty when release is necessary for preparation of the person's defense or for another compelling reason. 18 U.S.C. § 3142(i). As Mr. Nwokah's motion primarily focuses on the risk and impact of COVID-19, the Court considers several factors to determine whether a compelling reason for release exists because of this pandemic: "(1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others." *United States v. Sumbry*, 2020 WL 2092838, at *7 (N.D. Ind. May 1, 2020) (citing *United States v. Clark*, 448 F. Supp.3d 1152 1 157 (D. Kan. Mar. 25, 2020));

*accord United States v. Perry*, 2020 WL 3843678, at *3 (N.D. Ill. July 8, 2020); *United States v. Davis*, 2020 WL 1951652 (N.D. Ind. Apr. 23, 2020). The defendant bears the burden of demonstrating a sufficient ground for release under § 3142(i) and Mr. Nwokah has not met this burden. *Sumbry*, 2020 WL 2092838, at *7.

Here, the Court finds the first two factors to be the most indicative that another compelling reason to release Mr. Nwokah does not exist. First, the original grounds on which the magistrate judge ordered detention of Mr. Nwokah have not changed. Mr. Nwokah objects to the report and recommendation's finding that he is a flight risk because of his lack of financial means and the absence of a violent criminal history. However, Mr. Nwokah's criminal history is more extensive than he suggests. He has at least eleven failures to appear in court and violated probation twice, demonstrating a long history of non-compliance with court ordered conditions of release. [DE 7]. The magistrate judge continues to find, and this Court agrees, that there are no conditions or a combination of conditions that would reasonably assure the appearance of the defendant as required or that would protect the safety of the community.

At the detention hearing stage, the burden of establishing that no combination of conditions will reasonably assure a defendant's appearance for trial rests on the government. *Sumbry*, 2020 WL 2092838, at *5. Where, as is the case here, a defendant is charged with a controlled substance offense punishable by a maximum term of 10 years or more, the government is aided by § 3142(e)'s rebuttable flight presumption. Here, there is a rebuttal presumption in favor of the detention of Mr. Nwokah due to the nature of the charges in the complaint, specifically: (1) possession with intent to deliver a mixture or substance containing heroin and (2) attempt to possess with intent to distribute more than 100 grams a mixture or substance containing heroin. Although drug offenders are presumed to have a special flight risk

3

due to their likely access to financial resources, the magistrate judge already considered evidence that rebutted this presumption at the detention hearing and still found that Mr. Nwokah posed a risk of flight and a danger to the community. [DE 126 at 3–4] (citing *United States v. Palmer-Contreras*, 835 F.2d 15, 17 (1st Cir. 1987). Mr. Nwokah faces very serious allegations and during an interview with law enforcement, admitted to elements of those allegations. Based on his history, the nature of the pending charges involving the intent to distribute drugs and possession of a firearm, and the evidence against him, the Court finds his continued pretrial detention is warranted.

Second, Mr. Nwokah has not sufficiently established his specific concerns of COVID-19, which he has already contracted, because he has not submitted medical records supporting his complications or lack of adequate medical care. Mr. Nwokah is currently detained at the St. Joseph County Jail, awaiting trial on three federal charges. Mr. Nwokah tested positive for COVID-19 on November 13, 2020. While infected with COVID-19, Mr. Nwokah had a substantial fever and was moved to the medical unit. However, Mr. Nwokah is now currently in general population with no symptoms. Mr. Nwokah asserts that he is experiencing complications due to the virus, specifically spitting up blood, shortness of breath, frequent use of his inhaler, and the need for a nebulizer. He also claims he has not been seen by a doctor since he has tested positive. Mr. Nwokah argues the conditions of the jail are deteriorating as positive cases have increased. Based on this, Mr. Nwokah objects to the inadequate medical care and conditions in the jail as unsanitary and unhygienic as reasons to support his release. But again, Mr. Nwokah has not submitted any evidence or medical records to the Court, with his motion, replies, or objection, to substantiate his claims. The government by contrasts argues that Mr. Nwokah is now in general population at the jail after recovering from COVID-19.

It is documented that Mr. Nwokah has asthma. [DE 7]. The Centers for Disease Control ("CDC") has included moderate to severe asthma among conditions that "might" be at an increased risk for severe illness from COVID-19.[1] This is differentiated from the CDC's list of conditions that *are* known to create an increased risk for severe illness. In his supplemental reply, Mr. Nwokah, through Mr. Schmid, stated that he receives his inhaler four times a day to help manage his asthma. [DE 123 at 4]. The CDC reports that the risk of severe illness from COVID-19 increases with age, and that while the greatest risk of severe illness is among those aged 85 or older, adults aged 65 and older have increased risk. At the age of 37, Mr. Nwokah is far from this age range. To the extent Mr. Nwokah is concerned with reinfection, according to the CDC, "[c]ases of reinfection with COVID-19 have been reported, but remain rare."[2] However, given that he has already contracted and recovered from COVID-19, without evidence of the complications he asserts he is having, the Court does not find a compelling reason that overcomes the original grounds in the Order for Detention and the Order denying his motion for reconsideration of that decision.

In July 2020, the magistrate judge denied the motion for reconsideration of the Order of Detention and in doing so considered the prevalence of COVID-19 cases in the St. Joseph County Jail under the "another compelling reason" rationale of § 3142(i). [DE 94]. Although there were only a handful of cases in the jail at that time and there has since been a drastic increase in the number of cases in the jail, largely due to the outbreak in the community at large, Mr. Nwokah has not provided sufficient information to support a specific concern regarding

---

[1] *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html, (last updated Dec. 29, 2020).
[2] *See Reinfection*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last updated Oct. 27, 2020).

COVID-19. Mr. Nwokah claims he is not receiving adequate medical care while in custody, however his own assertions cut against this claim. When infected with COVID-19, he was moved to the medical unit and he is taken to medical staff for use of his inhaler four times a day. The Court finds that Mr. Nwokah has not established he has received inadequate medical care. Further, the Court agrees with the magistrate judge that Mr. Nwokah has not demonstrated that his present incarceration poses a direct and concrete risk to his health. Because the first and second factors weigh strongly against release, the Court will not address any dispute regarding the third and fourth factors. Thus, the Court does not find that the COVID-19 pandemic or Mr. Nwokah's current physical health creates a compelling reason for pretrial release.

Finally, Mr. Nwokah makes several other objections to the report and recommendation. He argues that the jail does not have adequate protocols to control the spread of COVID-19 or treat inmates that test positive for it and states the jail staff do not follow the protocols that are in place. However, his unsubstantiated allegations cannot be credited, nor do they present a compelling reason to warrant pretrial release. Also, Mr. Nwokah objects to the report and recommendation's noting of the Immigration and Customs Enforcement hold on him, however the Court does not find merit in this objection. The report and recommendation merely noted its existence and the magistrate judge specifically stated it did not give it any additional consideration in deciding the merits of the motion. Nor does this Court.

For those reasons, the Court **OVERRULES** Mr. Nwokah's objections [DE 128], **ADOPTS** the Report and Recommendation [DE 126], and **DENIES** the emergency motion for release from custody due to Mr. Nwokah's medical condition and infection by COVID-19 [DE 112].

SO ORDERED.

ENTERED: February 3, 2021

                                                 /s/ JON E. DEGUILIO
                                        Chief Judge
                                        United States District Court